SAVOIE, Judge.
Appellants, Hanover Insurance Company, Southern American Insurance Company, Royal Globe Insurance Company, National American Insurance Company, Hartford Fire Insurance Company and the City of Plaquemine, appeal the trial court’s dismissal of their tort suit against appellee, Forte and Tablada, Inc. We affirm.
FACTS
The City of Plaquemine owned and operated a steam powered electrical generating plant during 1976. The plant had been designed and built in 1961 under the supervision of appellee, Forte and Tablada, Inc., an engineering firm. The City had no full-time engineers on payroll, but rather retained Forte and Tablada, Inc. as consulting engineers. Forte and Tablada, Inc. continued to receive retainage fees for electrical consultation services from August, 1972 through 1976.
In February, 1976, a fire of undetermined origin at the steam plant damaged the power potential transformers (PPT's). On recommendation of Forte and Tablada, Inc., the City ordered new PPT’s the day after the fire. In order to get the plant back on line, a temporary bank of transformers was set up on a pole just outside the plant building.
The temporary bank of transformers served the same function as the PPT’s which was to step the power down from 13.2 KV to the 240 volts necessary to supply the exciter cubicle of the generator. City employees hung the transformers and ran the connecting cable between the transformers. Employees of Saia Electrical Company made the connections between the transformers and the generator.
The new PPT’s arrived at the plant in June, 1976, but were not installed until after November 11, 1976. In the meantime, the PPT’s, which were designed for permanent placement in a cabinet in the generating plant, remained on the main floor in plain view of anyone walking by. During this period, an addition was being made to the plant and employees of Forte and Tablada regularly walked through the main floor.
On November 11, 1976, another fire broke out at the steam plant, causing extensive damage. Appellant insurance companies paid more than $66,000.00 to the City for the damage. The City suffered an additional loss of approximately $20,000.00 not covered by insurance. This suit was brought against Forte and Tablada for failing to advise the City to install the new PPT’s immediately upon delivery.
ACTION OF THE TRIAL COURT
The insurers and the City filed separate suits against Forte and Tablada and Saia Electrical Company as a result of the November fire. Saia was subsequently dismissed from the suit. These suits were consolidated for trial. After appellants presented their evidence, the trial court *757 granted appellee’s motion for dismissal pursuant to L.S.A.-C.C.P. art. 1810. Appellants appeal that judgment.
ASSIGNMENT OF ERROR
Appellants argue that the trial court erred in finding that they did not carry their burden of proof regarding the failure of Forte and Tablada to instruct the City to install the permanent PPT’s.
L.S.A.-C.C.P. art. 1810(B)[1] provides:
“B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
In non-jury cases, the appropriate standard for the trial court’s determination of a motion for directed verdict is whether the plaintiff has presented sufficient evidence on his case-in-chief to establish a claim by a preponderance of the evidence. In making this determination, the trial court is not required to review the evidence in the light most favorable to the plaintiff but may instead render judgment based upon a preponderance of the evidence. In such cases, the trial court should not be reversed in the absence of manifest error. See Succession of Jacque, 424 So.2d 1152 (La.App. 1st Cir.1982), writ denied, 429 So.2d 145 (La.1983).
We note that both appellants have characterized this case as a tort case and properly so. Since it is a tort case, application of the duty-risk analysis as set out in our decision in Everett v. Louisiana Department of Transportation and Development, 424 So.2d 336 (La.App. 1st Cir.1982) would be applicable hereto. In Everett, supra, we stated:
“It is well settled in Louisiana that for a .plaintiff to recover in negligence, he must prove:
“(1) that the act complained of was a cause-in-fact of the accident,
“(2) that the defendant had a duty, either statutory or non-statutory, to protect this plaintiff against the cause of harm complained of,
“(3) that the defendant breached this duty to protect plaintiff, and “(4) that the plaintiff was harmed by this breach of the duty owed.
It follows therefore that plaintiff must first prove that the act complained of was a cause-in-fact of the accident. We find that appellants never proved that Forte and Tablada failed to advise the City to install the new PPT’s immediately upon delivery or that such failure was the cause-in-fact of the accident.
We note that the cause of the fire was ■never proven and the trial court, in its judgment, made no finding regarding the cause of the fire. Appellants contend that the fire was caused by the failure of the stress cones. All of the evidence shows that City employees constructed and installed the stress cones, that they did this type of work on a routine basis, and that at no time was Forte and Tablada ever requested or expected to inspect the stress cones.' Finally, Mr. Forte’s uncontradicted testimony was that General Electric made the decision to set up the temporary bank of outside transformers.
Thus, an examination of appellants’ claim in the light of the duty-risk analysis reveals that they have not met, by a preponderance of the evidence, the first requirement under the duty-risk analysis for a plaintiff to recover in negligence, i.e., they have not shown any act of Forte and Tablada which was a cause-in-fact of the fire. Since the first requirement was not met, we need not go further.
*758 We find no manifest error on the part of the trial court and we agree completely with its conclusion.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are to be borne by appellants.
AFFIRMED.

. This article was amended by Acts 1983, No. 534. Paragraph B does not belong in the section dealing with jury trials and was moved to Art. 1672 which governs involuntary dismissals.